## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JOSEPH MARTINEZ-ARMESTICA,**

Petitioner

v.

**UNITED STATES OF AMERICA,**

 Respondent.

CIVIL NO. 18-1384(PG)
Related Crim. No. 12-758[1](PG)

## OPINION AND ORDER

Before the court is petitioner Joseph Martinez-Armestica ("Petitioner" or "Martinez") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 1), the government's opposition thereto (Docket No. 14), and Petitioner's motion to amend (Docket No. 16). For the reasons set forth below, Petitioner's motions are **DENIED**.

## I.   BACKGROUND

In July 2013, a grand jury returned a Superseding Indictment charging Martinez with two counts of carjacking in violation of 18 U.S.C. § 2119(1) and 2 (Counts One and Two) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count Three). See *Superseding Indictment*, Case No. 12-cr-758, Docket No. 33. The Superseding Indictment also charged Martinez with four counts of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)[1]

---

[1] Section 922(g)(1) states that:

> [i]t shall be unlawful for any person -- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g).

and 924(a)(2)² (Counts Four to Seven). These counts were added after "the police seized a cell phone from him, which was later found to contain at least four photos of Martinez with guns." United States v. Martinez-Armestica, 846 F.3d 436, 439 (1st Cir. 2017)

Martinez made a straight plea of guilty as to the carjacking counts (Counts One and Two) but decided to go to trial as to the firearms counts (Counts Three to Seven). See Case No. 12-cr-758, Dockets No. 41, 47. A jury found him guilty on all counts (Counts Three to Seven). See Case No. 12-cr-758, Docket No. 69.

Martinez was subsequently sentenced to a term of imprisonment of 71 months for each of the carjacking and illegal possession offenses, to be served concurrently with each other, and to 109 months for brandishing a firearm during a crime of violence (Count Three), for a total term of imprisonment of 180 months. See Case No. 12-cr-758, Dockets No. 77-78.

Martinez appealed his conviction and sentence "arguing that there was insufficient evidence for the jury to find that he brandished a real gun during the carjacking, that the trial judge erred in admitting testimony from the government's firearms expert related to the illegal possession counts, and that his sentence was unreasonable." Martinez-Armestica, 846 F.3d at 438. The First Circuit Court of Appeals rejected Martinez's contentions and affirmed the lower court's determinations. Id. On October 2, 2017, the Supreme Court denied his petition for a writ of certiorari. See Martinez-Armestica v. United States, 138 S. Ct. 64 (2017).

On June 18, 2018, Martinez filed the pending motion under 28 U.S.C. §2255 requesting that this court vacate his conviction and sentence. He claims that he received inefficient assistance of counsel. See Docket No. 1. After the government filed its response in opposition (Docket No. 14), on August 30, 2019, Martinez filed a motion to amend his original petition asserting claims under Rehaif v. United States, 139 S. Ct. 2191 (2019). See Docket No. 16. In

---

² Section 924(a)(2) states that "[w]hoever **knowingly** violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C.A. § 924 (emphasis ours).

June of 2019, the Supreme Court held in <u>Rehaif</u> that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove **both** that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." <u>Rehaif</u>, 139 S. Ct. at 2200 (emphasis ours).

## II.   STANDARD OF REVIEW

According to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … ." 28 U.S.C. § 2255 (a); <u>Hill v. United States</u> 368 U.S. 424, (1962); <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 98 (1st Cir. 2008); <u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998).

## III.   DISCUSSION

### A.  Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that "the right to counsel means the right to effective legal assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)). Counsel can deprive a defendant of the right to effective assistance by failing to render "adequate legal assistance." <u>Strickland</u>, 466 U.S. at 686 (quoting <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344 (1980)). Where, as here, a petitioner moves to vacate his sentence on ineffective assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." <u>Id.</u>

"In order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced his defense.'" Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (citing Janosky v. St. Amand, 594 F.3d 39, 45 (1st Cir. 2010)). "To show that his counsel's performance was constitutionally deficient, [petitioner] must demonstrate that counsel's performance was objectively unreasonable under prevailing professional norms." Walker v. Medeiros, 911 F.3d 629, 633 (1st Cir. 2018) (quotation marks omitted) (citing United States v. Mercedes-De La Cruz, 787 F.3d 61, 67 (1st Cir. 2015)). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

Petitioner must also show that he was prejudiced by counsel's "constitutionally deficient" representation. As to the prejudice prong, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different … ." Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (citing Strickland, 466 U.S. at 688). In undertaking the prejudice analysis, courts do not rely solely on "*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

As discussed, a petitioner must demonstrate both incompetence and prejudice. "This two-pronged inquiry has equal relevance with respect to ineffective assistance claims in both tried cases and cases resolved by guilty pleas." United States v. Miller, 911 F.3d 638, 641 (1st Cir. 2018)(citing Hill, 474 U.S. at 58). "A [petitioner's] failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland, 466 U.S. at 697). Thus, "[i]f it is

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ...
that course should be followed." Strickland, 466 U.S. at 679.

Against this backdrop, the court will address Petitioner's claims in turn.

### 1. Unsuccessful Challenge to Government's Theory

After careful review of Martinez's petition, the court understands[3] his ineffective
assistance of counsel claim to be that his attorney failed to successfully challenge or
adequately test the government's theory that the firearms he used during the carjackings and
in the photos were real. See Docket No. 1-1. In response, the government argues that
Petitioner's claims are unavailing because he fails to show that counsel's performance fell
below an objective standard of reasonableness and does not show prejudice. See Docket No.
14. The undersigned agrees with the government.

The court must begin by stating that the record contradicts Petitioner's assertions. As
the undersigned recalls, and the appellate court also noted in its opinion,[4] defense counsel
challenged the sufficiency of the evidence to sustain that the gun Martinez used was real both
at trial and on appeal. During cross examination, he tested the victim's recollection and her
ability to see firearm at night, the time in which the carjackings took place. See Transcript,
Case No. 12-cr-758, Docket No. 88. In addition, defense counsel zealously questioned the
qualifications and conclusions of the government's firearm expert during this witness's
examination. See Transcript, Case No. 12-cr-758, Dockets No. 86. In closing arguments,
Petitioner's attorney also argued that the government had failed to prove beyond a reasonable

---

[3] Because Petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than
those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating "[a] document
filed pro se is to be liberally construed"); Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (noting that allegations
of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers); Boivin v.
Black, 225 F.3d 36, 43 (1st Cir.2000) (same); United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005) (stating
"pro se petitions are to be liberally construed").
[4] See Martinez-Armestica, 846 F.3d at 439-447.

doubt that the firearms used and depicted were real, and not toys or replicas. <u>See</u> *Transcript*, Case No. 12-cr-758, Docket No. 87 at pages 23-28.

A petitioner has an especially heavy burden when challenging counsel's tactical decisions. <u>See</u> <u>Lucien v. Spencer</u>, 871 F.3d 117, 129 (1st Cir. 2017). As pointed out by the government in its opposition, "[c]hoices made by counsel that could be considered part of trial strategy will almost never amount to deficient performance." <u>Lopez-Capo v. United States</u>, No. CIV. 13-1150 JAF, 2013 WL 5345819, at *1 (D.P.R. Sept. 20, 2013) (citing <u>Strickland</u>, 466 U.S. at 690).

Here, Petitioner fails to show – and the record is devoid of any evidence – that "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it … ." <u>Rivera v. Thompson</u>, 879 F.3d 7, 12 (1st Cir. 2018) (citing <u>Knight v. Spencer</u>, 447 F.3d 6, 15 (1st Cir. 2006)). "The fact that counsel was unsuccessful … does not render his performance objectively deficient." <u>Bernard v. United States</u>, No. CR. 06-092-O2S, 2010 WL 1626461, at *7 (D.R.I. Apr. 20, 2010) (citing <u>United States v. Agramonte</u>, 366 F.Supp.2d 83, 86 (D.D.C.2005) ("So long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful.")). <u>See also</u> <u>United States v. Tola</u>, No. CR 09-083-ML, 2012 WL 1981852, at *4 (D.R.I. June 1, 2012) ("The fact that counsel was not successful in his challenge does not render his assistance ineffective."); <u>Peralta v. United States</u>, 597 F.3d 74, 79 (1st Cir.2009) ("The Constitution guarantees only an effective defense, not necessarily a perfect defense or a successful defense."); <u>Myles v. Dahlberg</u>, 937 F.2d 609 (Table) (C.A.6 1991) ("Just because a lawyer loses on a point does not mean that the lawyer was 'ineffective' for constitutional purposes."); <u>Campusano v. United States</u>, 2004 WL 1824112, at *4 (S.D.N.Y.Aug.13, 2004) ("The fact that an attorney lost a particular argument cannot be used as a barometer of overall poor performance.")).

Pursuant to the applicable standard, the court shall decline Petitioner's invitation "to second-guess counsel's strategic decisions in hindsight; playing 'Monday morning quarterback' is not the court's role." <u>Span v. United States</u>, No. 07 C 2543, 2010 WL 3034240, at *12 (N.D. Ill. Aug. 3, 2010) (citing <u>United States v. Recendiz</u>, 557 F.3d 511, 531 (7th Cir.2009)). <u>See also</u> <u>Blake v. United States</u>, 723 F.3d 870, 879 (7th Cir. 2013) ("Courts are admonished not to become 'Monday morning quarterback[s]' in evaluating counsel's performance.").

Moreover, in his motion, Petitioner fails to identify with specificity a defense his attorney omitted but could have plausibly raised to obtain a different result. His petition lacks any developed argument to that effect. <u>See</u> <u>Dure v. United States</u>, 127 F. Supp. 2d 276, 279 (D.R.I. 2001) ("The defendant has the burden of identifying the specific acts or omissions that constitute the allegedly deficient performance and presenting facts supporting his claim. Conclusory allegations or factual assertions that are unsupported, fanciful or contradicted by the record, are insufficient.") (citing <u>Lema v. United States</u>, 987 F.2d 48, 51–52 (1st Cir.1993)). "A defendant without any viable defense will be highly likely to lose at trial." <u>Lee v. United States</u>, 137 S. Ct. 1958, 1966 (2017). In the absence of any defense other than the ones his attorney indeed raised, Petitioner's conviction would have been inevitable. And given the chance to go back and plea, as he suggests in passing in his motion,[5] the result would be the same: a conviction. In fact, he doesn't even suggest that his sentence would have been any shorter had he chosen to plea guilty instead. In short, Petitioner failed to meet the prejudice prong of the <u>Strickland</u> test and is not entitled to relief.

For the foregoing reasons, this court finds that Petitioner's claim that he received ineffective assistance of counsel lacks merit and must be **DENIED**.

---

[5] <u>See</u> Docket 1-1 at page 8.

### 2. *Motion to Amend under <u>Rehaif</u>*

On August 30, 2019, Petitioner filed a motion to amend or correct his original motion under § 2255.[6] <u>See</u> Docket No. 16. Therein, Martinez argues that this court should allow his request to amend his original petition and vacate his convictions for violations of 18 U.S.C. § 922(g)(1) (Counts Four to Seven) pursuant to the Supreme Court's recent holding in <u>Rehaif</u>. In his motion, he claims that he is "innocent" of the Section 922(g) charges because he did not know that he "belonged to the relevant category of persons barred from possessing a firearm." Docket No. 16 at page 4. According to Petitioner, this element of the charge was not "properly explained" to him in the course of the criminal proceedings and the government did not prove all the elements of the offense he was charged with. <u>Id.</u>

One of the statutes underlying Martinez's conviction at trial, Section § 922(g), makes it unlawful for individuals with prior felony convictions to possess any firearm. <u>See</u> 18 U.S.C. § 922(g)(1). "Before 2019, courts interpreted the word 'knowingly' in the penalty provision § 924(a)(2) to apply only to the possession element, but under <u>Rehaif</u>, 'knowingly' also applies to the status element." <u>Boulier v. United States</u>, No. 1:13-CR-00132-JAW, 2020 WL 1930482, at *4 (D. Me. Apr. 21, 2020) (citing <u>Rehaif</u>, 139 S. Ct. at 2196).

> Therefore, under <u>Rehaif</u>, when a defendant is charged with being a felon in possession of ammunition in violation of § 922(g)(1) and § 924(a)(2), the government must prove both that the defendant knew he possessed the ammunition and that he knew he was in the restricted category, that is, when he possessed ammunition, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

---

[6] In habeas corpus proceedings, a "[p]etitioner's motions [sic] to amend is governed by Federal Rule of Civil Procedure 15." <u>MacArthur v. United States</u>, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *5 (D. Me. Apr. 3, 2020) (citing 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2255 Proceedings, Rule 12 (providing that the Federal Rules of Civil Procedure apply, to the extent they are not inconsistent with statutory provisions or the Rules Governing Section 2255 Proceedings)). When as here, a party seeks to amend a pleading more than 21 days after the filing of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). "Because Petitioner sought to amend his motion following a … relevant court [decision], I grant his … request to amend his § 2255 motion and consider the amendments in the analysis of his arguments." <u>MacArthur</u>, 2020 WL 1670369 at *5.

Edwards v. Warden, FCI Berlin, No. 19-CV-1271-JD, 2020 WL 2404886, at *1 (D.N.H. May 12, 2020) (citing United States v. Velazquez-Aponte, 940 F.3d 785, 800 (1st Cir. 2019)). See also United States v. Almonte-Nunez, No. 15-2070, 2020 WL 3286786, at *7 (1st Cir. June 18, 2020) (citing Rehaif, 139 S. Ct. at 2194) ("To convict a defendant [under 18 U.S.C. § 922(g)], the [g]overnment ... must show that the defendant knew he possessed a firearm and also that he knew he [was a prohibited person as contemplated by the statute] when he possessed it.").

    The court first notes that arguably, "Rehaif is ... inapplicable to [Petitioner's] case, as it is a case of statutory interpretation rather than a new rule of constitutional law, and it has not been made retroactive to cases on collateral review." Barrett v. McConnell, No. 1:19-CV-1439-P, 2020 WL 1934484, at *2 (W.D. La. Apr. 1, 2020), *report and recommendation adopted sub nom.* BARRETT, Petitioner v. MCCONNELL, Respondent, No. 1:19-CV-1439-P, 2020 WL 1932294 (W.D. La. Apr. 21, 2020). See also United States v. Riley, 411 F. Supp. 3d 182, 184 (D. Mass. 2019) (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); Moore v. United States, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019); United States v. Grigsby, No. 12-10174-JTM, 2019 WL 3302322, at *1 (D. Kan. July 23, 2019) ("No court has found that Rehaif applies retroactively to cases on collateral review, so it is not clear Defendant can raise this challenge under § 2255.")); In re Sampson, 954 F.3d 159, 161 (3rd Cir. 2020) ("Rehaif did not state a rule of constitutional law at all."); Khamisi-El v. United States, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in Rehaif is a matter of statutory interpretation, not a new rule of constitutional law."); United States v. Kelley, No. 3:18-CR-00147, 2020 WL 2564679, at *2 (W.D. La. May 19, 2020) ("Neither the Supreme Court nor the United States Court of Appeals for the Fifth Circuit has addressed the issue of whether Rehaif was made retroactively applicable to cases on collateral review. However, the Eleventh, Third and Sixth Circuit Courts of Appeals, in addition to numerous district courts, have determined that Rehaif is not retroactively applicable to cases on collateral review.").

But see <u>Clark v. Warden, FCI-Greenville</u>, No. 19-CV-819-RJD, 2020 WL 2616267, at *3 (S.D. Ill. May 22, 2020) ("[T]he Government has conceded in more recent filings in other cases that pursuant to a directive from the Department of Justice, the new rule announced in <u>Rehaif</u> may be raised in an initial proceeding brought under 28 U.S.C. § 2255 within one year of the date of the <u>Rehaif</u> opinion, and will be retroactively applicable in that context."); <u>United States v. Burgos</u>, No. 19 C 7305, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020) (stating <u>Rehaif</u> applies retroactively on collateral review).

Notwithstanding the foregoing, the court need not decide now whether <u>Rehaif</u> applies retroactively in the present context because Martinez's argument is doubly flawed: it lacks merit and has not been properly developed. As such, dismissal is warranted.

As was the case with Petitioner's <u>Strickland</u> claims, the record evidence contradicts Petitioner's assertions of innocence under <u>Rehaif</u>. The criminal docket record, including the presentence investigation report ("PSR"), shows that Petitioner had a prior felony conviction in state court not long before his § 922(g) convictions in federal court, which he requests be vacated in his supplemental § 2255 motion. Specifically, the PSR states that Martinez was arrested on October 30, 2010 for an armed robbery during which he aimed a firearm at the victim and shot twice in the public space before committing the robbery. <u>See</u> Case No. 12-cr-758, *PSR*, Docket No. 75 at pages 10-11. He was sentenced to two years of probation in May of 2011, just a year before the offenses he was charged of in federal court. Such little passage of time is unlikely to have attenuated his memory of what was surely a significant event in his life: his only prior conviction in his criminal history. Under these circumstances then, Petitioner's claim that he did not know he belonged to the category of persons barred from possessing a firearm is unbelievable on its face.

The court's conclusion is bolstered by Martinez's acknowledgement during the change of plea hearing held on October 22, 2013,[7] a month before trial. At the court's behest, Petitioner clearly recalled he was still serving the sentence imposed for this prior felony conviction:

> THE COURT: Now, let me explain to you two things, or three things. First of all are you presently serving any other sentence?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: In State Court?
>
> THE DEFENDANT: Yes.

See Case No. 12-cr-758, *Change of Plea Transcript*, Docket No. 84 at pages 6-7. In light of these statements, even if Rehaif applied to Martinez's case, it is unlikely he could have shown his ignorance of his status as a previously convicted felon, and thus, his "innocence."

Moreover, a review of the evidence at trial shows that the government could have easily proven the requisite knowledge under Rehaif had it been required to do so at the time. During the jury trial, the government squarely established that Martinez was a convicted felon, a fact he did not and could not challenge in any way. Counsel discussed this element of the offense at a sidebar, during which the undersigned inquired about Martinez's status as an unlawful user, as the term is defined by law:

> THE COURT: Well, what was the law?
>
> [AUSA]: He was convicted for -- his charges were reduced to illegal appropriations of goods.
>
> **THE COURT: That's not the question. A crime punishable by imprisonment for a term exceeding one year. So, he was –**
>
> **[AUSA]: Yes.**

---

[7] The change of plea hearing took place before his probation term was revoked in January of 2014 and he was sentenced to two years of imprisonment. See Case No. 12-cr-758, *PSR*, Docket No. 75 at page 10.

> **THE COURT: When he was convicted in 2010 forgetting about the probation that he received, at that time that crime was punishable by –**
>
> **[AUSA]: Yes, even more, even more. I'm certain about that.**
>
> **[DEFENSE COUNSEL]: Yes, that's correct.**
>
> THE COURT: Okay, thank you.

<u>See</u> Case No. 12-cr-758, *Transcript*, Docket No. 86 at page 57 (emphasis ours). The record reflects that defense counsel was well aware that his client had been convicted of a crime punishable by "*even more*" than a year, regardless of the probation he received as a sentence. In fact, Petitioner's attorney wished to stipulate this element of the offense:

> [DEFENSE COUNSEL]: Okay. Your Honor, as I mentioned, in this case the defendant is charged with series of counts of a convicted felon in possession of a firearm. That convicted felon of firearms has three elements to the offense. Two of them which we do not contest, which is the prior conviction and the interstate commerce of the firearm.

<u>See</u> Case No. 12-cr-758, *Transcript*, Docket No. 86 at page 6. His attorney subsequently added: "Your Honor, I have no problem with stipulating the conviction. We know and I recognize that he has a prior conviction, and I have no objection to stipulate the sentence and the conviction that he -- that he had." <u>See</u> Case No. 12-cr-758, *Transcript*, Docket No. 86 at page 13.

Subsequently, the government called an FBI agent to testify that during his investigation of the criminal charges brought against Petitioner, he found out that Martinez had a prior state conviction. <u>See</u> Case No. 12-cr-758, *Transcript*, Docket No. 86 at page 124. Through this witness, the government introduced evidence of Martinez's criminal history and official copies of his prior conviction as an exhibit. <u>See</u> Case No. 12-cr-758, *Transcript*, Docket No. 86 at pages 126-127. Pursuant to this evidence, the government explained to the jury in closing arguments:

> Now addressing to the four felony possession charges, yesterday it was introduced, as part of the Government's evidence, the state prior conviction of the defendant. **According to a certified copy that was submitted in the case, on May 12, 2011 the defendant was sentenced in a Commonwealth court for two years in total of imprisonment.** That means that on the four occasions that we presented you images or pictures that the depicted firearms that were in the possession or were being hold or carried by the defendant, he was prohibited to do so.

See Case No. 12-cr-758, *Transcript*, Docket No. 87 at page 13 (emphasis ours). Subsequently the government added:

> Finally, you are going to examine the state indictment from Joseph Martínez-Armestica's prior case. This indictment describes that in 2010 the defendant also committed a felony crime with a firearm that wasn't recovered. **He plead guilty** to that charge and for being in the illegal possession at that time of a firearm.

See Case No. 12-cr-758, *Transcript*, Docket No. 87 at page 18 (emphasis ours). Hence, "[o]ur own review of the record ... reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [petitioner] knew that he had previously been convicted of offenses punishable by more than a year in prison." United States v. Burghardt, 939 F.3d 397, 404 (1st Cir. 2019), cert. denied, 206 L. Ed. 2d 486 (Mar. 23, 2020).

What is more, the fact that he was previously convicted after pleading guilty to the charges makes his argument even more farfetched. In all likelihood, the government could have established that during those plea negotiations in state court, Martinez was duly apprised of the nature and elements of the charged offense and the penalties that could be imposed, as is usually the case before and during such colloquies. Such evidence would have allowed the jury to find, without any trouble, that Martinez knew he was a convicted felon. "As such, even if Rehaif could apply to [petitioner's] case, there is no reason to believe he could show his ignorance of his status as a previously convicted felon. For this reason, as well,

[petitioner] cannot show innocence under <u>Rehaif</u>." <u>Goldsberry v. United States</u>, No. 4:19-CV-00950-AGF, 2020 WL 2085647, at *14 (E.D. Mo. Apr. 30, 2020).

In sum, Petitioner's failure to show "that a jury would have found that he lacked such knowledge is fatal to his challenge." <u>United States v. Riley</u>, 411 F. Supp. 3d 182, 184 (D. Mass. 2019) (dismissing petitioner's Section 2255 claims under <u>Rehaif</u> because even assuming retroactive application, petitioner failed to show actual prejudice); <u>United States v. Withee</u>, No. CR 18-163-JJM-LDA, 2020 WL 2557197, at *2 (D.R.I. May 20, 2020) (finding petitioner procedurally defaulted on his potential <u>Rehaif</u> claim by failing to raise it on direct appeal, and on collateral review, did not show the cause needed to excuse it, actual prejudice or factual innocence).

Alternatively, if the substance of Martinez's argument is that he ignored that convicted felons cannot possess firearms, his argument misses the mark under <u>Rehaif</u>. "[T]he logic of the Court's opinion supports only the narrower requirement of knowledge of status," <u>United States v. Maez</u>, No. 19-1287, 2020 WL 2832113, at *2 (7th Cir. June 1, 2020), not the knowledge of the criminal prohibition. That is, the language of the Court's decision only requires that defendants know their status — in these cases, having a felony conviction –, not that defendants know that it was a crime to possess a firearm as a result of their prohibited status. <u>Id.</u> "The government is not required to prove that a defendant knew he was prohibited from possessing a firearm; ... the government must only prove that the defendant knew he was a previously convicted felon at the time he possessed a firearm." <u>Goldsberry v. United States</u>, No. 4:19-CV-00950-AGF, 2020 WL 2085647, at *14 (E.D. Mo. Apr. 30, 2020) (citing <u>United States v. Huntsberry</u>, ––– F.3d ––––, 2020 WL 1815120, at *8 (5th Cir. April 10, 2020); <u>United States v. Hollingshed</u>, 940 F.3d 410, 415 (8th Cir. 2019)) (rejecting petitioner's assertions that he could not be guilty post-<u>Rehaif</u> because he was not advised and the

government did not prove that he knew he was a prohibited person barred from possessing a firearm under federal law). Hence, such an argument warrants no relief.

Finally, as stated *supra*, Martinez provides no support to sustain his claim that he is "actually innocent" and lacked knowledge of his status as an unlawful user. Pursuant to the rules governing Section 2255 proceedings, Petitioner's conclusory assertions do not suffice to meet his "burden of establishing by a preponderance of the evidence that he is entitled to relief … ." Mack v. United States, 635 F.2d 20, 26–27 (1st Cir. 1980). Summary dismissal of a section 2255 petition is appropriate "if the grounds for relief stated in the motion are conclusory generalizations or assertions without 'sufficiently particular and supportive allegations of fact' showing why habeas relief is warranted." Polanco v. United States, No. 92–2054, slip op. at 2, 989 F.2d 484 (Table), 1993 WL 72417, at * 1 (1st Cir. Mar.15, 1993) (citing Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (stating that a Section 2255 "petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief … amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact.")). "Although a pro se plaintiff's complaint is subject to 'less stringent standards than formal pleadings drafted by lawyers,' the complaint may not consist entirely of 'conclusory allegations that merely parrot the relevant legal standard' … ." Goguen v. United States, No. 1:19-CV-00351-JAW, 2020 WL 1494492, at *2 (D. Me. Mar. 27, 2020), *report and recommendation adopted*, No. 1:19-CV-00351-JAW, 2020 WL 2754912 (D. Me. May 27, 2020) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972); Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 231 (1st Cir. 2013)).

Other than bald proclamations of innocence for lacking the scienter-of-status, Martinez "tenders no claim that he would have testified that he did not know that his prior offenses were punishable by more than a year in prison." Burghardt, 939 F.3d at 403-404. He

"has suggested no plausible basis for any assertion he did not know he was a convicted felon."[8]
United States v. Sanders, No. 4:14CR81-RH-CAS, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15,
2020). His blanket assertions will not be entertained by the court. In the absence of more
factual specificity, summary dismissal without an evidentiary hearing is warranted. See David
v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("In the absence of any particulars, the
lower court justifiably treated the petitioner's conclusory averments as mere buzznacking.").

Finally, the court must make clear that the additional counts added in the Superseding
Indictment under Section 922(g)(1) and 924(a)(2) are the result of his own prior illicit
activities, which he cannot now claim to ignore. "This is not the case of a first time offender
but that of an individual who is quite familiar with the legal system due to his colorful past."
Rivera-Ruiz v. United States, No. CIV. 08-1609 PG, 2012 WL 1004307, at *3 (D.P.R. Mar. 23,
2012). Hence, the court rejects Martinez's claim that his convictions must be vacated pursuant
to Rehaif because he purportedly lacked the requisite knowledge that he was an unlawful user.

In sum, Martinez failed to make the required showing. Based on the above analysis,
the court finds that Petitioner's challenges fall short of the mark. Having dispensed all claims,
his request for habeas relief on all grounds is thus **DENIED**.

---

[8] "**In dicta** further differentiating the knowledge element, the Supreme Court stated that if § 922(g) was
construed to require no knowledge of status, ... these provisions might apply to a person who was convicted of a
prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment
for a term exceeding one year.'" United States v. Briscoe, No. 18-10031-EFM, 2019 WL 5549165, at *2 (D. Kan.
Oct. 28, 2019)(emphasis added)(quoting Rehaif, 139 S. Ct. at 2198). Although this case indeed presents a
situation where Petitioner's status change *may have* been unclear because he was just sentenced to probation
for a felony conviction, Martinez does not suggest as much in support of his lack of scienter-of-status claim under
Rehaif. Notwithstanding the foregoing, the closeness in time between his prior conviction and the dates of his
federal offenses, the plea negotiations in state court, his plea colloquy, and the trial record, all lead the court to
conclude that it would not have been burdensome for the government to prove his knowledge.

## IV.    CONCLUSION

For the reasons previously explained, the court finds that Martinez's claims lack merit.

Accordingly, his petition under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED** and the case is

**DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.    CERTIFICATE OF APPEALABILITY

It is ordered that no certificate of appealability shall be issued if the Petitioner files a

notice of appeal. There is no substantial showing of the denial of a constitutional right within

the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 23, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**